UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXIS RENEE ANDERSON,

                Plaintiff,

-against-

GM & MORTON & SHAREHOLDERS;
MARY BARRA; MARK REUSS; DAN
AMMANN,

                Defendants.

21-CV-7970 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but she has not fully completed it. Plaintiff states that she is unemployed but does not answer the application's questions asking for her last date of employment and her gross monthly wages at the time. Plaintiff appears to indicate that her only source of income is public benefits,[1] but she fails to answer the application's questions asking her to state the amount received and how much she expects to receive in the future. Plaintiff also fails to answer the application's questions asking whether she: (1) has any money in cash or in a checking or savings account; (2) has any assets, and if so, their value; (3) has any expenses,

---

[1] Plaintiff checks the boxes on the application form to indicate that she does not receive income from any source, including public benefits. She appears, however, to have attempted to cross out her check mark indicating she does not receive public benefits and draws an arrow pointing to "food stamps." (See ECF 1, at 2.) In any event, she fails to check the box to indicate that she *does* receives public benefits.

debts, or other financial obligations, and if so, their value; and (4) financially supports anyone else, and if so, the amount of support provided.

Because of Plaintiff's failure to fully answer the questions about her financial status, the Court does not have sufficient information concerning Plaintiff's ability to pay the fees. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-7970 (LTS), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the fees, she may be required to do so.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

3

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 28, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge